UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARDS OF TRUSTEES OF THE SEATTLE AREA PLUMBING & PIPEFITTING INDUSTRY HEALTH WELFARE TRUST, *et al.*,<br><br>                                    Plaintiffs,<br><br>         v.<br><br>SPECTRUM SERVICES, INC., a Washington corporation, UBI No. 601888144,<br><br>                                    Defendant. | Case No. C23-910-RSM<br><br>ORDER GRANTING *EX-PARTE* MOTION TO COMPEL PRODUCTION OF EMPLOYMENT SECURITY DEPARTMENT RECORDS |

## I.     INTRODUCTION

This matter comes before the Court on Plaintiffs' *Ex-Parte* Motion to Compel Production of Employment Security Department Records. Dkt. #6. Pursuant to RCW 50.13.070, Plaintiffs request an order compelling production of personnel records of employees of Defendant Spectrum Services, Inc. ("Spectrum"), filed with the Washington State Employment Security Department.

## II.     BACKGROUND

This action is for benefit contributions allegedly due on behalf of employees working for Defendant Spectrum. Plaintiffs operate as Trust Funds under 29 U.S.C. § 186 and 29 U.S.C. §

ORDER - 1

1001 et seq. (ERISA). Dkt. #7 ¶ 3. On behalf of Spectrum, on October 15, 2002, Daniel K. Williams, identifying himself as "Service Manager" entered into a Compliance Agreement binding Spectrum to the terms of the Labor Management Agreement ("LMA") between U.A. Local 32 of Journeymen and Apprentices of the Plumbing and Pipefitting Industry ("Local 32") and the Mechanical Contractors Association of Western Washington ("MCA"). By signing the Compliance Agreement, Spectrum agreed to make fringe benefit contributions to the Trust Funds on behalf of employees performing covered work and to be bound by the Trust Agreements.

The Trust Agreements require Spectrum to authorize Plaintiffs to audit and review signatory employers, such as Spectrum's, books and records to ensure that the employer had and is contributing correctly and in compliance with the terms of the LMA and Trust Agreements to the Trust Funds. Dkt. #1 ¶ 4.2. Plaintiffs allege that Spectrum has refused to provide the documents and payroll records necessary to complete an audit of its books and records for the period of October 2020 through current. *Id.* ¶ 4.4. Plaintiffs also allege that Spectrum has failed to make timely employee benefit contributions to Trust Funds for the audit period of October 2020 through current. *Id.* ¶ 4.11.

### III.   DISCUSSION

The Washington statute, RCW 50.13.070, requires specific findings to be included in a subpoena directed to the Employment Security Department for production of confidential unemployment compensation records. The statute provides as follows:

> Information or records deemed private and confidential under this chapter shall be available to parties to judicial or formal administrative proceedings only upon a finding by the presiding officer that the need for the information or records in the proceeding outweighs any reasons for the privacy and confidentiality of the information or records. Information or records deemed private and confidential under this chapter shall not be available in discovery proceedings unless the court in which the action has been filed has made the finding specified above. A judicial or administrative subpoena directed to the employment security department must contain this finding. A subpoena for records or

ORDER - 2

>information held by the department may be directed to and served upon any employee of the department, but the department may specify by rule which employee shall produce the records or information in compliance with the subpoena.

RCW 50.13.070.

Plaintiffs rely on self-reporting by employers to determine the amount of fringe benefit contributions due on behalf of employees. Dkt. #7 ¶ 3. Plaintiffs allege that the only other way to determine the amount of contributions due to the Trust Funds is by examination of the employer's payroll records, including state taxing information such as the quarterly reports submitted to the State of Washington Employment Security Department. *Id.* Plaintiffs indicate that they have been attempting to obtain Defendant Spectrum's payroll records for over a year, but it has been unresponsive to Plaintiffs' requests. *Id.* ¶ 4. Subsequently Plaintiffs are unable to determine the amounts due or whether Spectrum inappropriately reported individuals for the January 2016 through current period. *Id.* ¶ 5. Without complete records of payroll earnings and hours worked, Plaintiffs cannot determine the amount of contributions due to establish the amount of the money judgment in this action or whether benefits have been inappropriately provided to ineligible employees. *Id.* ¶ 6. Plaintiffs claim that the Washington State Employment Security Department is in possession of personnel records required by the State, which will show, to some degree, the compensation paid to employees of Spectrum Services, Inc. *Id.* ¶ 7.

In this case, Plaintiff Trusts have shown that the need for the records in this proceeding outweighs any need for privacy and confidentiality of the records in question. The records are necessary for further prosecution of this action. Without the payroll records, Plaintiffs cannot determine the contributions owed. As for confidentiality concerns, Plaintiffs maintain that the information will not be disclosed outside of the present litigation and will be maintained confidentially. Dkt. #7 ¶ 8. Nonetheless, in granting the request for discovery, the Court will

ORDER - 3

order the Plaintiff Trusts to submit a protective order governing the use of any employment payroll records obtained for purposes of prosecuting this action.

### IV.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED:

1) Plaintiffs' *Ex-Parte* Motion to Compel Production of Employment Security Department Records (Dkt. #6) is GRANTED.

2) The Court finds the production of records in the possession of the Washington State Employment Security Department regarding employees of Spectrum Services, Inc. for January 2016 through current is necessary for the prosecution of Plaintiffs' case.

3) The Court further finds that this necessity outweighs any interest in the confidentiality or privacy of this information of the individual employees, if counsel for Plaintiffs treats these records as confidential and discloses only such information as is necessary to prosecute this action.

4) Pursuant to RCW 50.13.070, the Washington State Employment Security Department is now ORDERED to produce copies of originals of all documents or records in its possession related to employee reports of Spectrum Services, Inc. at a mutually agreed time and place between the Department and attorneys for the plaintiffs, but in any case and failing agreement, at the offices of the attorneys for the plaintiffs within twenty (20) days of the date of service of this Order upon the Washington State Employment Security Department.

5) Plaintiffs are ordered to submit a protective order governing the use of any employment payroll records obtained for purposes of prosecuting this action.

ORDER - 4

DATED this 5th day of September, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE